### ELIZABETH L. WOODWARD v. HENRY ENDEES' EXR.

[Abstract Kentucky Law Reporter, Vol. 5—608, as Woodward v. Enders' Exr.]

**Pleading Statute of Limitations.**
> An answer stating that the defendant relies upon the statute of limitations is not sufficient. To get the advantage of such statute the facts must be pleaded showing that the cause is barred by the statute.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

January 22, 1884.

Rehearing Granted.

OPINION BY JUDGE LEWIS:

The court properly dismissed the petition so far as it sought to subject the lot. More than five years elapsed from the time the deed for the other lot was admitted to record until the commencement of the action. But counsel for appellee contends that the statute of limitations provided in such cases was not sufficiently pleaded by appellant and that the chancellor therefore properly disregarded the plea.

The language used by Elizabeth L. Woodward in her answer is that "she pleads and relies upon the statute of limitations as a bar to plaintiff's action." It has heretofore been held by this court that an answer merely that the party relies on the statute of limitations is clearly defective, it being necessary to plead the facts necessary to sustain the plea. This was not done in the answer of appellant. But without setting forth any facts whatever upon which to base the plea of limitations or to enable the court to determine from the pleading whether a statutory bar does or does not exist, appellant answered in general terms that she pleaded and relied upon the statute of limitations. Therefore, adhering to the rule heretofore adopted, the answer in that respect must be regarded as defective. Another answer at a subsequent stage of the pro-

ceedings was tendered by appellant, but we do not feel authorized to say the court abused its sound discretion in permitting it to be filed. The statute of limitations in bar of the action not being sufficiently pleaded, the court in our opinion was justified by the evidence in the case in rendering judgment that $1,050 of the consideration for the lot purchased in 1870 was paid by John E. Woodward, the husband of appellant, Elizabeth L. Woodward, and that the deed to that extent was fraudulent.

The judgment must be *affirmed* on the original and cross-appeals.

*L. D. Husbands, for appellant.*

*C. S. Marshall, for appellee.*